IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYRONE SINGLETON,** | : Civ. No. 1:13-CV-02711 |
| **Plaintiff** | : |
| v. | : |
| **LAUREL HARRY, et al.,** | : |
| **Defendants.** | : Judge Sylvia H. Rambo |

## MEMORANDUM AND ORDER

In this civil rights action, Plaintiff Tyrone Singleton's remaining claim alleges that his procedural due process rights were violated when he was housed in solitary confinement for more than one year without receiving a hearing. In September 2019, Defendants filed a motion for summary judgment on that claim, arguing, as relevant here, that (1) Mr. Singleton failed to exhaust his remedies; (2) Mr. Singleton cannot prevail on the merits since he was not a pretrial detainee during the time in question; (3) Mr. Singleton cannot recover compensatory damages because he failed to plead physical injury in accordance with 42 U.S.C.§ 1997e(e); and (4) Defendant Scott Whalen should be dismissed because he was not personally involved in the alleged rights violations. (Docs. 64-65.)

In September 2020, Chief Magistrate Judge Schwab issued a Report and Recommendation recommending that the court grant the motion in part and deny it in part. (Doc. 70.) Specifically, the Report and Recommendation finds that (1) Mr. Singleton was not required to exhaust his remedies since he was not incarcerated when he filed the amended complaint; (2) Mr. Singleton's claim can move forward on the merits because his pretrial detainee status has already been determined; (3) Mr. Singleton is not precluded under 42 U.S.C.§ 1997e(e) from seeking compensatory damages because he was not incarcerated when he filed the amended complaint; and (4) Mr. Whalen should be dismissed because he was not personally involved in any alleged misconduct. (*Id*., pp. 18-45.)

In October 2020, Defendants filed objections contesting the Report and Recommendation first two principal conclusions. (Doc. 71.) Mr. Singleton has not filed objections or other briefing, and the time to do so has expired. The matter is thus ripe for disposition.

Where a party objects to a magistrate judge's report and recommendation, the district court must review those contested portions using a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653

(M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)). The court reviews the magistrate judge's uncontested findings and conclusions for "clear error on the face of the record." *Belnick, Inc. v. TBB Glob. Logistics, Inc.*, 106 F. Supp. 3d 551, 553 n.1 (M.D. Pa. 2015) (quoting *Cruz v. Chater,* 990 F.Supp. 375, 376–78 (M.D. Pa. 1998)).

Following a thorough review of the record and applicable legal standards, the court will adopt the Report and Recommendation and summarily overrule Defendants two objections. Defendants first object to the Report and Recommendation's conclusion that, under *Garrett v. Wexford Health*, 938 F.3d 69 (3d Cir. 2019), Mr. Singleton was not subject to the PLRA's exhaustion requirement since he was not incarcerated when he filed the operative amended complaint, and because that pleading relates back to his original complaint and cures his initial failure to exhaust. (Doc. 72, pp. 8-10.) Notably, Defendants base this objection on their disagreement with *Garrett* itself, not the manner in which the Chief Magistrate Judge applied the case. (*Id.*) As an inferior court, however, this court has no authority to entertain arguments that the Third Circuit got it wrong. *Garrett* is binding precedent, and as Defendants essentially concede, the Report and Recommendation faithfully applied its holding to the facts of this case. The court will therefore overrule this objection and adopt the Report and Recommendation's finding that Mr. Singleton was not required to exhaust his remedies.

Defendants also object to the Report and Recommendation's finding that Mr. Singleton was incarcerated during the relevant period as a pretrial detainee. (Doc. 72, pp. 5-8.) They assert that the Chief Magistrate Judge should have found that Mr. Singleton was actually detained as parole violator, which would preclude Mr. Singleton from showing that he had a liberty interest and undermine the merits of his due process claim. *See Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). Here too though, the Third Circuit has already decided the issue.

After Mr. Singleton appealed this court's initial dismissal of all his claims, the Third Circuit affirmed, with one exception. *Singleton v. Superintendent Camp Hill SCI*, 747 F. App'x 89, 92 (3d Cir. 2018). The Third Circuit found that this court failed to address Mr. Singleton's procedural due process claim that he was housed in solitary confinement without a hearing, and it accordingly vacated the dismissal of that claim. *Id.,* pp. 92-93. In doing so, the Third Circuit expressly found that "[d]uring the period relevant here, Singleton was a pretrial detainee." *Id.*, p. 92. It went on to explain that pretrial detainees such as Mr. Singleton "have a liberty interest in not being detained indefinitely in disciplinary segregation without explanation or review of their confinement," and it directed this court to consider whether Mr. Singleton's placement in solitary confinement satisfied that standard. *Id.*

As the Report and Recommendation correctly concludes, the Third Circuit's determination that Mr. Singleton was a pretrial detainee is law of the case, and its instruction to analyze Mr. Singleton's claim using the standard for pretrial detainees is binding on the court. This particular bridge has also already been crossed. The Chief Magistrate Judge made the same determination in her prior report and recommendation that recommended denying Defendants' motion to dismiss, which this court adopted in full without any objection by Defendants. (Doc. 61, pp. 18-19; Doc. 62.) In that instance, the Chief Magistrate Judge aptly explained: "If the defendants believed that the Third Circuit committed a legal error, their recourse was to appeal the Third Circuit's decision to the Supreme Court, not to argue that the court erred on remand to the district court." (Doc. 61, p. 19.) The court continues to agree that Defendants' argument is foreclosed by the findings above, and it will therefore overrule Defendants' objection and adopt the Report and Recommendation's conclusion that Mr. Singleton was a pretrial detainee.

Finally, the court has independently reviewed the record and is satisfied that those uncontested portions of the Report and Recommendation contain no clear error. Accordingly, **IT IS HEREBY ORDERED** that:

(1) The Report and Recommendation (Doc. 70) is **ADOPTED** in full;

(2) Defendants' objections (Doc. 71) are **OVERRULED;**

(3) Defendants' motion for summary judgment (Doc. 64) is **GRANTED** as to

Defendant Scott Whalen, who is **DISMISSED WITH PREJUDICE**;

(4) Defendants' motion for summary judgment (Doc. 64) is **DENIED** in all other respects.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

Dated: November 13, 2020