IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE SINGLETON, | : | Civil No. 1:13-CV-2711 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Magistrate Judge Bloom) |
| | : | |
| LAUREL HARRY, | : | |
| | : | |
| Defendant. | : | |

ORDER

In this civil rights action, the plaintiff—Tyrone Singleton—claims that his constitutional rights were violated when he was incarcerated at the State Correctional Institution ("SCI") at Camp Hill between January 2013 and February 2014. (Docs. 1, 19). After extensive motion practice, the sole remaining defendant is Laurel Harry—the warden of SCI Camp Hill at the time of the incident—and the sole remaining cause of action is a procedural due process claim brought under 42 U.S.C. § 1983. (Doc. 70). Mr. Singleton alleges that his due process rights were violated when he was transferred to restricted housing at SCI Camp Hill for over a year without an explanation for the transfer or an opportunity to challenge it. (*Id.*). However, on July 7, 2023, the Honorable Martin C. Carlson issued a memorandum and order limiting the scope of Mr. Singleton's claim to the 29-day period between March 20, 2013 and April

18, 2013. (Doc. 155). Subsequently, this case was transferred to the undersigned.

During a pretrial conference on January 16, 2024, the court construed Judge Carlson's order to only limit the outside scope of the claim and held that Ms. Harry could present evidence at trial that the scope is narrower than 29 days. On January 19, 2024, the court emailed draft versions of the jury instructions, *voir dire* questions, and verdict form to the parties and directed them to state any objections to those documents by January 29, 2024. The final jury charge contains an instruction expressly limiting the scope of Mr. Singleton's claim to, at most, the 29-day period of time between March 20, 2013 and April 18, 2013. Mr. Singleton did not object to that instruction.

On February 5, 2024—the morning of trial—Mr. Singleton moved to preclude Ms. Harry from arguing that the scope of his claim is narrower than 29 days. He argues that the law of the case doctrine forecloses such an argument because, in his July 7, 2023 order, Judge Carlson ruled that the scope of his claim is exactly 29 days. We reject this argument both on procedural grounds and on the merits.

As an initial matter, Mr. Singleton waived his argument by failing

to raise it at the pretrial conference or in a timely objection to the jury charge. More importantly, Judge Carlson's order does not foreclose Ms. Harry from arguing that the scope of the claim is narrower than 29 days. We construe Judge Carlson's order as deciding two purely legal issues. First, the order decided that the outer bound of Singleton's procedural due process claim was the date on which he ceased to be held solely as a pretrial detainee—April 18, 2013. (Doc. 155 at 15, 18). Second, the order decided, as a matter of law, that Ms. Henry was not personally involved in the alleged due process deprivation until March 20, 2013 at the earliest. (Doc. 155 at 17).

The order explains that the inner bound of Mr. Singleton's claim—March 20, 2013—is "the earliest date upon which it can be inferred that Defendant Harry, as a prison supervisor, had knowledge of Singleton's due process concerns as a pretrial detainee…." (Doc. 155 at 17). This language leaves open the purely factual question of whether Ms. Harry remained unaware of Mr. Singleton's due process concerns until sometime after March 20, 2013. Because that factual question is for the jury to decide, Ms. Harry will be allowed to present evidence at trial that

3

she was not personally involved until after March 20, 2013.[1]

Mr. Singleton contends, in the alternative, that if Ms. Harry is allowed to argue that the scope of the claim is narrower than 29 days, he should be allowed to argue that it is broader than 29 days. However, this argument is premised on the same erroneous interpretation of Judge Carlson's order that we rejected above. Moreover, Judge Carlson's July 7, 2023 order directed the parties to, if they wished, certify the ruling for an interlocutory appeal within 10 days. (Doc. 155 at 20). Singleton did not request a certification. Therefore, Singleton will not be permitted to argue to the jury that the scope of his claim is broader than 29 days.

So ordered this 5th day of February, 2024.

*s/ Daryl F. Bloom*  
Daryl F. Bloom  
United States Magistrate Judge

---

[1] For clarity, we note that Ms. Harry cannot argue that the outer bound of Mr. Singleton's claim is earlier than April 18, 2013. As the July 7, 2023 order explains, the outer bound is the date on which Mr. Singleton ceased to be held solely as a pretrial detainee. (Doc. 155 at 17). Unlike the inner bound, the outer bound of the claim is fixed, as it is undisputed that Mr. Singleton received a time-served sentence that spanned from April 19, 2013 to January 7, 2014. (*Id.*).